UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James William Morris, Jr., ) | C/A No. 9:10-2299-JFA-BM |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| Warden Robert M. Stevenson, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The *pro se* petitioner, James William Morris, is an inmate with the South Carolina Department of Corrections. He has filed this petition under 28 U.S.C. § 2254 challenging his 2005 state court conviction for murder.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the court should grant the respondent's motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

Recommendation which was entered on the docket on March 16, 2011. The petitioner filed timely objections which the court will address herein.

## PROCEDURAL HISTORY

Petitioner pled guilty on October 24, 2005, to voluntary manslaughter pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). He was sentenced to a term of imprisonment of 25 years. He did not file a direct appeal of his conviction or sentence.

On May 23, 3006, petitioner filed an application for Post Conviction Relief (PCR) raising various grounds of ineffective assistance of trial and an involuntary guilty plea. The PCR was denied on October 1, 2008. In his appeal of the PCR denial, petitioner raised the following issues: (1) Did the PCR judge err in failing to find that petitioner did not waive his right to a direct appeal and that his appeal was not pursued as the result of ineffective assistance of counsel which would entitle petitioner to a belated appeal; and (2) Did the PCR judge err in denying relief on petitioner's claim that his guilty plea was entered unknowingly and involuntarily as a result of ineffective assistance of counsel. The South Carolina Supreme Court denied the petition for writ of certiorari on Mary 27, 2010.

## DISCUSSION

*Petitioner's Grounds for Relief*

Petitioner raises two grounds in his federal petition for writ of habeas corpus:

(1)   Ineffective Assistance of Trial Counsel. Trial counsel advised mentally ill, over-medicated client to enter a guilty plea in order to avoid instance conviction with a prior conviction for which a pardon had been granted. Trial counsel coerced plaintiff to take an unknowing and involuntary guilty plea. Trial counsel was ineffective for not directly appealing conviction.

2

    (2)    Involuntary, Unknowing, and Unintelligent Guilty Plea. Trial counsel coerced plaintiff to take an unknowing and involuntary guilty plea by saying that a prior pardoned charge would be used as an enhancement of sentence and that because of the prior pardoned charge, trial counsel told plaintiff that if he proceeded to trial, he would be electrocuted or get life in prison.

The issue of ineffective assistance of counsel was raised before the PCR judge who found that petitioner's testimony was not credible, and counsel's testimony was credible. Ultimately, the PCR judge found that petitioner's guilty plea was knowing and voluntary, and that petitioner was clearly advised of his right to appeal his conviction.

STANDARD OF REVIEW

*Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

3

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## *The AEDPA and 28 U.S.C. § 2254*

Petitioner filed his petition in this court on August 27, 2010. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. *See* 28 U.S.C. § 2244(d)(1). It appears the petition is timely and that petitioner has exhausted his state remedies.

The standard of review to be applied "is quite deferential to the rulings of the state courts." Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)." *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir.2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

In his first ground, petitioner claims that his trial counsel was ineffective in several ways. He suggests that trial counsel advocated that he entered a guilty plea in spite of the

5

fact that he was mentally ill and overly medicated. He also challenges advice given by his attorney regarding a prior conviction for which a pardon had been granted. Petitioner contends that his counsel "coerced" him to take an unknowing and involuntary guilty plea and that trial counsel was ineffective for not directly appealing his conviction.

In his second ground for relief, petitioner contends that his guilty plea was involuntary, unknowing and unintelligent. All of these issues were presented to the state PCR judge and, after hearing from the petitioner and his former trial counsel, the state PCR judge resolved all of the credibility issues adversely to the petitioner and dismissed the PCR application. This being the case, the petitioner faces significant hurdles in this court because, as noted by the Magistrate Judge, substantial deference is to be given to the state court's findings of fact in federal habeas corpus proceedings. And, to a large extent, the claims asserted in this action are heavily dependent on the state post conviction relief judge's findings of fact.

The Report sets out in great detail all of the factual findings made by the state PCR judge. *See* R&R at 4–6. As the Magistrate Judge observes, the state judge heard testimony from all of the participants and was thus in a much better position to determine the facts in this case. In his objections to the Report and Recommendation, the petitioner makes little effort to demonstrate how these findings are incorrect. In fact, the objection memorandum is little more than a reassertion of the claims advanced in this case, with conclusory allegations that do not address the basis on which the Magistrate Judge recommended dismissal.

With regard to the claim of ineffective assistance of counsel, that claim is, of course, a mixed question of law and fact, and it is an issue upon which a federal court much reach an independent conclusion. The Magistrate Judge has carefully plumbed the record in this case and determined that the petitioner has not been able to demonstrate ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1994).

The court has carefully reviewed all of the objections made by the petitioner and has conducted the required de novo review. Having done so, the court is left with the firm conviction that the Magistrate Judge's recommended disposition is correct. Accordingly, the objections are all overruled and the Report and Recommendation is incorporated herein by reference. The respondent's motion for summary judgment (ECF No. 19) is granted and the habeas petition is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

June 8, 2011
Columbia, South Carolina

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).